UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOVELTY, INC.<br>An Indiana Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>Margaret Rothschild<br>An Individual<br><br>    Defendant | Civil Action No. 1:13-cv-497 |

COMPLAINT FOR DECLARATORY JUDGMENT

This is an action by Novelty, Inc. ("Novelty") for declaratory judgment against Margaret Rothschild ("Rothschild") arising under the patent laws of the United States, Title 35 of the United States Code. For its complaint against Defendant, Plaintiff Novelty alleges:

PARTIES

1. Plaintiff Novelty is an Indiana corporation organized and existing under the laws of the State of Indiana, and located at 351 West Muskegon Dr., Greenfield, Indiana 46140.

2. On information and belief, defendant Margaret Rothschild is a resident of the State of California. Rothschild is named as the sole inventor of U.S. Design Patent No. D501,897 ("the '897 Patent").

3. The '897 Patent identifies RWL Millennium, LLC as an assignee. On information and belief, the '897 Patent was assigned by RWL Millennium LLC to RWL, Inc. by virtue of an assignment recorded with the U.S. Patent Office on October 15, 2004.

4. On information and belief, RWL, Inc., was a California corporation, formed in 2004 by Rothschild, which has since been administratively dissolved.

5. Rothschild claims ownership of the '897 Patent.

1

JURISDICTION

6. This action involves claims arising under the patent laws of the United States, including 35 U.S.C. §§ 271, 282 and 285.

7. This Court has original jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§1331 and 1338.

8. On information and belief Rothschild is engaged in the business of licensing the '897 Patent to third party providers and of providing product to retailers and other companies. This Court has personal jurisdiction over Defendant because, on information and belief, Rothschild has introduced, marketed and sold products into the stream of commerce in Indiana, has licensed companies to sell her products into the stream of commerce in Indiana, and has asserted patent rights against an Indiana corporation in communications with Novelty and its agent.

9. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

BACKGROUND

10. Novelty, Inc. is a company that specializes in the distribution and sale of toys, games, novelty items, point-of-purchase displays, souvenir items, and a wide range of consumer products. One of Novelty's products is a plush toy sold under the name "Mohawk Monkey" through Novelty's Kipp Toys subsidiary. An image of various "Mohawk Monkey" products is attached as **Exhibit A**.

11. On March 7, 2013, Novelty received a letter ("the March 7 Letter") from an attorney acting on behalf of defendant Rothschild, in which Novelty was accused of infringing United States Design Patent No. D501,897 ("the '897 Patent). Rothschild alleged that Novelty's "Mohawk Monkey" is a copy of Rothschild's product in the likeness of the toy shown in the '897 Patent. A copy of the March 7 Letter is attached as **Exhibit B**, which letter includes a copy of the '897 Patent. The letter states that Rothschild is the CEO and President of the former RWL, Inc., asserts that Rothschild is the owner of the '897 Patent and refers to Rothschild's purported rights in the '897 Patent.

12. In the March 7 Letter, defendant Rothschild, through her attorney, issued several demands, including a demand to stop all sales of the "Mohawk Monkey" and a demand for payment for alleged damages. The March 7 Letter further threatens that if Novelty does not comply, "Your refusal will be bet [sic] with litigation vigorously pursued," and that Rothschild "must proceed by litigation."

13. In response to the letter of March 7, Novelty, through its attorney, responded in a letter dated March 21, 2013 ("the Reply Letter", a copy of which is attached as **Exhibit C**) denying that the "Mohawk Monkey" infringed the '897 Patent and identifying four significant differences (among many) between the "Mohawk Monkey" and the design covered by the '897 Patent.

14. Rothschild responded to Novelty's Reply Letter by a letter dated March 21, 2013, ("the March 21 Letter", a copy of which is attached as **Exhibit D**) from her attorney reiterating the allegation of infringement and repeating the prior demands. The March 21 Letter includes the further threat, in bold type, that if Novelty does not change its position on infringement, "we fully intend to seek resolution in court and will promptly file suit."

15. Novelty's "Mohawk Monkey" is significantly different in overall appearance from the design claimed in the '897 Patent, and an ordinary observer would not be deceived into thinking that the "Mohawk Monkey" is the same as the design claimed in the '897 Patent.

## CAUSES OF ACTION

16. There is an actual, substantial and justiciable controversy between Novelty and defendant Rothschild. Rothschild has charged Novelty with infringement of the '897 Patent. Rothschild asserts ownership of the '897 Patent and all the rights associated therewith, including the right to sue for infringement. Rothschild has threatened litigation for infringement of the '897 Patent.

17. Novelty denied the allegation of infringement and presented evidence of non-infringement. Defendant repudiated the evidence and maintained the allegation of

infringement.  The dispute between Novelty and Rothschild is definite and concrete and touches on the legal relations of parties having adverse legal interests.

18.	On information and belief, the '897 Patent is unenforceable and/or invalid under the provisions of at least 35 U.S.C. §§102, 103 and/or 112.

19.	Novelty has not infringed, and has not willfully or deliberately infringed, the '897 Patent.

PRAYER FOR RELIEF

In view of the foregoing allegations, Novelty prays that this Court:

1.	Issue a declaration adjudging that Novelty's "Mohawk Monkey" and any similarly configured plush toy product does not infringe United States Design Patent No. D501,897;

2.	Issue a declaration adjudging that United States Design Patent No. D501,897 is unenforceable and/or invalid under the U.S. Patent Laws;

3.	Upon finding that this case is an exceptional case under 35 U.S.C. § 285, award Novelty its reasonable attorneys' fees;

4.	Grant and award to Novelty any and all relief found necessary and proper under the circumstances.

Counsel for Plaintiff Novelty, Inc.

s/ Michael D. Beck

Michael D. Beck, Attorney No. 11139-49
Harold C. Moore, Attorney No. 19004-49
MAGINOT, MOORE & BECK, LLP.
One Indiana Square, Suite 2200
Indianapolis, Indiana  46204
Phone: 317-554-2927
Fax:    317-638-2139
E-mail:mdbeck@maginot.com