EXHIBIT B

# Maxine Raphael

80 Jane Street
Unit B
New York, NY  10014

T 310-617-0322
F 917-274-3426
Raphael.Maxine@gmail.com

March 7, 2013

**VIA United Parcel Service**
Mr. Brian Croel
Novelty Inc.
351 West Muskegon Dr.
Greenfield, In 46140

    Re:    Margaret Rothschild, CEO, President of the former RWL, Inc.,
            Design Patent No. D501,897 S

Attn: Brian Croel

    I represent Margaret Rothschild ("Rothschild"), CEO, President of the former RWL, Inc. Rothschild is the owner of United States Design Patent No. D501,897 S issued February 15, 2005. The patent is for a plush toy as shown and described in the patent ("Patented Monkey"), a copy of which is enclosed within. My client also has patent protection for numerous other of its novelty items including hat and wig designs. Furthermore, my client has officially licensed its Patented Money to third party plush manufacturers for exclusive right of use.

    It has come to my attention that Novelty, Inc. ("Novelty") has produced a copy of my client's product in the likeness of Patented Money ("Infringing Product") and sold said product online via Amazon Marketplace and to retailers including independent concession stands at gas stations and car wash locations, among others. Printout copies of the Infringing Product for sale on Amazon Marketplace and photos of Infringing Product obtained from Valero Corner Store, Store #1020, 250 N. Loop 1604 E., Hollywood Park, TX 78232 are enclosed hereto.

    You are obviously aware that you are not a licensee or authorized distributor of my client's novelty plush monkey covered by the D501,897 S patent. My client considers your conduct to be an infringement of its patent rights. Your conduct, especially since you have now been put on notice of my client's rights, constitutes willful patent infringement, unfair competition and/or counterfeiting. This kind of conduct is particularly damaging to my client in view of its current licensing agreements with third party providers and ongoing business dealings with retailers and other companies.

    Your misconduct exposes you to very serious liabilities, including compensatory damages measured by both my client's losses and your ill-gotten gains (which can be subject to trebling), attorney's fees and court costs if our client has to bring legal action.



DOCKETED
3/12/13 plw

Our client hereby demands that you immediately cease and desist your acts of infringement and other misconduct and that you immediately do the following:

1. Stop all sales, offers for sale, advertising, distribution, manufacture, and/or import of the Infringing Product covered by my client's patent and undertake not to engage in such conduct in the future;

2. Recall all copies of any marketing or promotional materials showing the Infringing Product and deliver all existing copies of said material to me for destruction;

3. Disclose to my client when and how or from whom you obtained or manufactured the Infringing Product including names, addresses, telephone numbers, and contact persons;

4. Account to my client, the quantities and prices of all the Infringing Product sold, distributed, made, imported and or currently in inventory, and disclose all invoices and purchase orders for any and all purchases of the Infringing Product, including names, addresses, telephone numbers, and contact persons;

5. Providing an inventory of all of the Infringing Product remaining on hand; and

6. Immediately recall all the Infringing Product.

We shall expect a response with the documentation requested and a good faith attempt to resolve this mater by the payment to our client of appropriate damages.

Your cooperation will invite the respect and cooperation of my client. Your refusal will be bet with litigation vigorously pursued.

Please contact the undersigned at your earliest convenience and advise of your intentions. If we do not hear from you on or before **March 22, 2013**, with written assurances that you will comply with our client's demands, I will assume that this matter will not be resolved amicably and that my client must proceed by litigation.

Sincerely yours,

Maxine Raphael, Esq.

Enclosures: As stated above

cc: Margaret Rothschild (w/out encls.)

cc: Amazon.com, Inc., c/o Corporation Service Company at 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, Attn: Legal Department



US00D501897S

## (12) United States Design Patent
### Rothschild

(10) Patent No.: **US D501,897 S**
(45) Date of Patent: ** **Feb. 15, 2005**

(54) **PLUSH TOY**

(75) Inventor: **Margaret Rothschild**, Sherman Oaks, CA (US)

(73) Assignee: **RWL Millennium LLC**, Sherman Oaks, CA (US)

(*) Notice: This patent is subject to a terminal disclaimer.

(**) Term: **14 Years**

(21) Appl. No.: **29/169,177**

(22) Filed: **Oct. 15, 2002**

(51) LOC (7) Cl. .................................................. **21-01**
(52) U.S. Cl. ........................................ **D21/596**; D21/576
(58) Field of Search ............... D11/158; D21/576–577, D21/585–588, 596, 604–605; 446/72, 97–98, 278, 368–369; D2/866

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 3,295,536 A | 1/1967 | Shaw et al. |
| 3,474,798 A | 10/1969 | Tillotson |
| 3,782,396 A | 1/1974 | Tomlinson |
| 4,268,918 A | 5/1981 | Lee |
| 4,296,567 A * | 10/1981 | Kamar ...................... 446/369 |
| D302,484 S | 8/1989 | Egan |
| D308,401 S * | 6/1990 | Dinelli ..................... D21/577 |
| 5,119,513 A | 6/1992 | McKay |
| D357,569 S | 4/1995 | Jacobellis |
| D369,014 S | 4/1996 | Lucas |
| D378,948 S | 4/1997 | Ragus |
| 5,806,535 A | 9/1998 | Becker |
| D411,577 S | 6/1999 | Walker et al. |
| 6,000,063 A | 12/1999 | Sullivan |
| 6,115,843 A | 9/2000 | Travalgia |
| D467,707 S * | 12/2002 | Rothschild .................... D2/866 |
| D468,373 S * | 1/2003 | Rothschild .................. D21/605 |
| D469,133 S * | 1/2003 | Rothschild .................. D21/605 |

OTHER PUBLICATIONS

Princess Soft Toys 1994 Catalog. p. 8, Congo Monkey.*
Major League Teddy Bears brochure, Dodger bear.*
Beta Toys Catalog, p. 3, monkey 9002–5B.*

* cited by examiner

*Primary Examiner*—Sandra L. Morris
(74) *Attorney, Agent, or Firm*—Buchalter, Nemer, Fields and Younger

(57) **CLAIM**

The ornamental design for a plush toy, as shown and described.

**DESCRIPTION**

FIG. 1 is a front view of my plush toy of the present invention, the broken line drawing of the letters being for illustrative purposes only;
FIG. 2 is a back view of the plush toy in FIG. 1;
FIG. 3 is a left side view of the plush toy in FIG. 1, the broken line drawing of the letters being for illustrative purposes only;
FIG. 4 is a right side view of the plush toy in FIG. 1, the broken line drawing of the letters being for illustrative purposes only;
FIG. 5 is a bottom view of the plush toy in FIG. 1; and,
FIG. 6 is a top view of the plush toy in FIG. 1.

**1 Claim, 5 Drawing Sheets**



U.S. Patent    Feb. 15, 2005    Sheet 1 of 5    US D501,897 S



FIG. 1



FIG. 2



FIG. 3



FIG. 4