# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **NOVELTY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CAUSE NO.  1:13-cv-00497-WTL-TAB** |
| | ) | |
| **MARGARET ROTHSCHILD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant Margaret Rothschild's motion to dismiss for

lack of personal jurisdiction or in the alterative for change of venue (dkt. no. 8).  This motion is

fully briefed, and the Court, being duly advised, **GRANTS** the motion for the following reasons.

## I.  STANDARD

Rothschild moves to dismiss this case for lack of personal jurisdiction pursuant to Federal

Rule of Civil Procedure 12(b)(2).  When a defendant challenges the Court's personal jurisdiction

over it, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Jennings v.*

*AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004).  Where, as here, a motion to dismiss is

resolved without an evidentiary hearing, the plaintiff's burden is satisfied if it makes a prima

facie case of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d

773, 782 (7th Cir. 2003).  "In evaluating whether the prima facie standard has been satisfied, the

plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented

in the record." *Id.* (citations omitted).

Where, as here, there is no applicable federal statute providing for nationwide service of

process, a federal district court may exercise personal jurisdiction over a defendant if a court of

the state in which it sits would have such jurisdiction. Fed. R. Civ. P. 4(k)(1)(A).  This Court sits

in Indiana, and Indiana Trial Rule 4.4(A) provides for jurisdiction "on any basis not inconsistent

with the Constitution of this state or the United States"; in other words, Indiana permits the

exercise of personal jurisdiction to the full extent permitted by the Federal Due Process Clause.

*LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

There are two forms of personal jurisdiction that a court may exercise over a non-resident

defendant, "general" and "specific" jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v.*

*Hall*, 466 U.S. 408 (1984).  Specific jurisdiction is applicable when the basis of the suit "arises

out of or is related to" the defendant's contacts with the forum state. *Jennings*, 383 F.3d at 549.

> To establish specific jurisdiction under the familiar minimum contacts analysis, a
> plaintiff must show that the defendant has purposefully availed itself of the
> privilege of conducting activities within the forum state and that the exercise of
> personal jurisdiction over that defendant would comport with traditional notions
> of fair play and substantial justice.

*Id.* (citations and internal quotation marks omitted).  "When the contacts with the forum state are

unrelated to the subject matter of the lawsuit, general personal jurisdiction may be established if

the defendant's contacts are so continuous and systematic that the defendant could reasonably

foresee being haled into court in that state for any matter." *Central States, Southeast and*

*Southwest Areas Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 875 (7th Cir.

2006).

## II.   BACKGROUND

The relevant facts of record, viewed in the light most favorable to the Plaintiff, Novelty,

Inc., are as follow.

The Defendant, Margaret Rothschild, is CEO of the former RWL, Inc., a California

corporation.  She is also the owner of United States Design Patent No. D501,897 S ("the 897

patent"), a patent design for a plush monkey called "Fuzz Head Monkey."  Rothschild conducted business in Indiana in the past—she sold various products to the Indianapolis Motor Speedway ("IMS"), the Indiana Pacers ("Pacers"), and the National Collegiate Athletic Association ("NCAA").  Plaintiff Novelty, Inc. is an Indiana corporation that specializes in the distribution and sale of a number of novelty items.  One of these items is a plush monkey sold under the name "Mohawk Monkey."

On March 7, 2013, Rothschild's attorney sent a letter to Novelty accusing it of infringing on the 897 patent and threatening suit if Novelty did not cease all sales of the allegedly-infringing product.  On March 21, 2013, Novelty responded to the letter arguing that there were several differences between the Mohawk Monkey and the Fuzz Head Monkey, and that therefore, Novelty was not infringing on the 897 patent.  Not satisfied with the differences contained in Novelty's letter, on March 21, 2013, Rothschild again threatened to sue if Novelty did not stop all sales and demanded payment for the alleged damages.

On March 25, 2013, Novelty filed a declaratory judgment action in this Court, seeking a declaration finding that its Mohawk Monkey, and any other similar plush toy product, does not infringe on the 897 patent.  Shortly after she was served by Novelty, Rothschild filed a motion to dismiss for lack of personal jurisdiction, arguing that she is not subject to the jurisdiction of this Court because she is a citizen of the state of California and has not conducted business in the state of Indiana since 2007.

Subsequently, Novelty filed a motion for discovery on limited issues [dkt. no. 11] seeking to obtain facts and documents to determine if sufficient minimum contacts existed between Rothschild and the state of Indiana.  The Court granted this motion [dkt. no. 16], allowing for jurisdictional discovery to be conducted until October 1, 2013.

## III.   <u>DISCUSSION</u>

In this case, Novelty does not allege that Rothschild has such "continuous and systematic contacts" with the state of Indiana to subject herself to general jurisdiction; rather, its argument hinges on specific actions Rothschild took that subjects her to specific jurisdiction in the state of Indiana.  Because the jurisdictional issue is "intimately involved with the substance of the patent laws[,]" this Court will apply Federal Circuit law to determine if personal jurisdiction exists. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009) (internal quotation marks omitted).  The Federal Circuit applies a three-part test to determine if specific jurisdiction is proper:  "(1) whether the defendant purposefully directs activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012) (citing *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010)).  Specifically, Novelty points to three separate activities Rothschild has engaged in that it argues subjects her to jurisdiction in the state of Indiana:  1) directing multiple cease-and-desist communications to Indiana; 2) directing multiple extra-judicial enforcement attempts to Indiana; and 3) maintaining a website that advertises her products using famous trademarks of Indiana entities.  The Court will address each argument, in turn, below.

With regard to the cease-and-desist letters sent to Novelty dated March 7, 2013, and March 21, 2013, the Federal Circuit has firmly established that the sending of these letters is not enough to subject the sender to the receiving party's jurisdiction. *See Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) ("A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be

located there of suspected infringement.  Grounding personal jurisdiction on such contacts alone would not comport with principles of fairness.").  Novelty, therefore, argues that Rothschild had attempted to extra-judicially enforce her patent by contacting two of her former clients, the IMS and the Pacers.  It argues that the cease-and-desist letters, coupled with these extra-judicial enforcement efforts "constitutes sufficient directed activities in the forum state relating to the cause of action to support jurisdiction over" Rothschild. Pl.'s Response at 7.

From the evidence submitted, it appears that at some point during September 2013, Rothschild contacted the IMS and the Pacers.  Novelty argues that this was an attempt "to marshal evidence to support [Rothschild's] case to carry out its enforcement efforts in another forum[,]" and that it is reasonable to infer that Rothschild contacted these two former clients "for the *sole* purpose of marshaling evidence in the current patent dispute between Defendant and Novelty, Inc." Pl.'s Response at 4-6.  The Court does not agree.

Novelty attempts to stretch the facts in regard to these two communications.  It is clear from the evidence submitted that Rothschild contacted the IMS and the Pacers to obtain written documentation supporting her steadfast allegation that she had not done business in the state of Indiana since 2007.  She argued this in her motion to dismiss; however, Novelty was unsatisfied with her affidavit and sought to obtain additional discovery on the issue of personal jurisdiction.[1] Therefore, Rothschild made contact with accounts representatives of her former clients to offer satisfactory proof to Novelty that she was, in fact, correct in her assertion that she had not done business in the state of Indiana since 2007.  These letters [dkt. nos. 22-3 and 22-4] were

---

[1] Novelty specifically stated in its motion for jurisdictional discovery that "Defendant has proffered an affidavit alleging facts in support of its motion *without documentary corroboration*." Dkt. No. 11 ¶ 7 (emphasis added).

produced to Novelty during the course of their limited jurisdiction discovery, and, in fact, submitted by Novelty in support of its Response.

The Court believes that it is unreasonable to infer from these two letters that Rothschild was making extra-judicial enforcement attempts.  She contacted these accounts representatives to offer more proof—at the behest of Novelty's further inquiry[2]—that she ceased doing business in the state in 2007.  As Rothschild argues, accounts representatives "are not the people one would contact for information about or to impart inform [sic] related to patent infringement issues." Def. Reply at 8.  Further, there is nothing contained in the letters that would lead a reasonable reader to infer extra-judicial enforcement efforts were being made.  Novelty cites no support for its argument that by obtaining discovery supporting one's allegation that she is not subject to the jurisdiction of a court, she thereby subjects herself to that court's jurisdiction.  Such an argument, in the Court's view, does not comport with due process.

Finally, Novelty argues that it would not be unfair or unreasonable to subject Rothschild to Indiana's jurisdiction because Rothschild maintains a website[3] that prominently displays the trademarks for the IMS, Pacers, and NCAA.[4]  The website does contain various products, including the Fuzz Head Monkeys, that display the Pacers and IMS logos; there is also a magazine cover that displays the "March Madness" logo on the website.  However, this website

---

[2] While Novelty may be correct that Rothschild was not required to obtain this additional evidence, the Court does not see any problem with her doing so.  It is clear that her affidavit was not sufficient evidence for Novelty, which is why it requested additional time to conduct jurisdictional discovery.  It was reasonable, therefore, for Rothschild to conduct her own discovery to obtain "documentary corroboration" that supported and bolstered her own affidavit.

[3] www.rwlm.com.

[4] Novelty also suggests that Rothschild's use of these trademarks may be "unlicensed and illicit"; therefore, it argues that Rothschild should "reasonably expect to be haled into Court in Indiana for these additional and ongoing torts." Pl.'s Response at 8.  Novelty produces no evidence supporting this allegation.  Even if it were true, however, that would suggest a basis for specific jurisdiction in such a case, but would not support jurisdiction in this case.

is what has been termed a "passive website"—one that "merely makes available information about the company and its products." *Jennings*, 383 F.3d at 549-50.  This is in contrast to an "interactive website" on which consumers can directly purchase merchandise. *Id*.  It has been established that the operation of such passive websites cannot support a finding of personal jurisdiction. *See id*. ("The exercise of personal jurisdiction based on the maintenance of a passive website is impermissible because the defendant is not directing its business activities toward consumers in the forum state in particular.").  As such, the Court does not believe that because Rothschild utilizes pictures of her past work with Indiana clients on a passive website for advertising purposes, she is subject to Indiana's jurisdiction.   The facts of record establish that she has conducted no business in the state of Indiana since 2007, and therefore, Novelty has failed to meet its prima facie burden illustrating that Rothschild is subject to specific jurisdiction in this state.

## IV.   CONCLUSION

For the reasons set forth above, Rothschild's motion to dismiss (dkt. no. 8) is **GRANTED** and this case is dismissed without prejudice.[5]

SO ORDERED:   01/09/2014

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to counsel of record via electronic communication

---

[5] Rothschild requested as an alternative that this Court transfer this matter to the United States District Court for the Central District of California.  As Novelty has not agreed to the transfer, the Court declines to do so.

7